## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

AEI Fund Management, Inc.,

                Plaintiff,

      v.

The Geneva Organization, Inc.,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-1633 ADM/AJB

_____

Bruce H. Little, Esq., Lindquist & Vennum P.L.L.P., Minneapolis, MN, argued on behalf of
Plaintiff.

Christopher W. Madel, Esq. and David J. Wallace-Jackson, Esq., Robins, Kaplan, Miller &
Ciresi L.L.P., Minneapolis, MN, argued on behalf of Defendant.

_____

## I. INTRODUCTION

On September 22, 2006, oral argument before the undersigned United States District

Judge was heard on Defendant The Geneva Organization, Inc.'s ("Geneva") Motion to Dismiss

[Docket No. 7].  In its Complaint [Docket No. 1], Plaintiff AEI Fund Management, Inc. ("AEI")

alleges that Geneva has committed copyright infringement under the Copyright Act of 1976, 17

U.S.C. § 101 *et seq.*, and unfair competition under the common law of Minnesota.  For the

reasons set forth herein, Geneva's Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

AEI, a Minnesota corporation, creates, sells, and manages investment programs in

commercial real estate.  Compl. ¶¶ 1, 7.  In 1992, AEI was among the first real estate firms to

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most
favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.
Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

offer securitized tenant-in-common ("TIC") interests in its properties to real estate owners

completing tax-deferred exchanges under Section 1031 of the Internal Revenue Code. Section

1031 allows owners of investment or business real estate to defer taxes on the sale of such

property if the proceeds are used to purchase property of like kind. Id. ¶¶ 7-8; I.R.C. §

1031(a)(1).

      Over a number of years, AEI designed documents and contracts necessary for securities

firms to sell TIC property interests. Compl. ¶ 9. These documents included Co-Tenancy

Ownership Covenants, Co-Tenancy Management Agreements, and Purchase Agreements, which

AEI refers to collectively as "TIC Transaction Documents." Id. Based on its TIC Transaction

Documents, in March 2003 AEI received the first favorable TIC Section 1031 Private Letter

Ruling from the IRS. Id. ¶ 11.

      On November 7, 2005, AEI registered its TIC Transaction Documents with the Copyright

Office and was awarded the following Copyright Registration Numbers: TXu1-263-538 for the

"AEI Co-Tenancy Management Agreement with Effective Date of 8/25/03," TXu1-263-539 for

the "AEI TIC Purchase Agreement with Effective Date of 9/15/03," and TXu1-263-540 for the

"AEI Co-Tenancy Ownership Covenants with Effective Date of 1/13/03." Id. Exs. A-C;

Wallace-Jackson Decl. [Docket No. 10] Ex. A.[2] The certificates of registration note that AEI's

copyrighted TIC Transaction Documents are derivative works. Compl. Exs. A-C. Specifically,

the certificates indicate that AEI has authored "Additional Text" that it has added to "Standard

---

[2] AEI attached the certificates of registration to its Complaint but did not attach copies of the TIC Transaction Documents. This Court may examine the copies provided by Geneva, however, because the TIC Transaction Documents were specifically referenced in the Complaint as a ground for AEI's claims against Geneva. Moses.com Sec., Inc. v. Comprehensive Software Sys., 406 F.3d 1052, 1063 n.3 (8th Cir. 2005).

Legal Language."  Id.

AEI alleges that within the past three years Geneva has obtained AEI's TIC Transaction

Documents and copied substantial operative portions to compete with AEI in the sale of Section

1031 TIC exchanges.  Compl. ¶¶ 13-14.  AEI asserts Geneva secured a favorable Private Letter

Ruling in December 2004 for its securitized TIC sales based on documents containing a

substantial amount of text copied verbatim from AEI's TIC Transaction Documents.  Id. ¶¶ 15-

17.  After learning of Geneva's copying, AEI demanded in November 2005 that Geneva cease

and desist from using the copied documents and infringing on AEI's copyrights.  Id. ¶ 17.  After

Geneva refused its demand, AEI filed its Complaint on May 1, 2006, alleging that Geneva has

infringed and will continue to infringe AEI's copyrights in its TIC Transaction Documents by

copying material subject to its copyrights.  Id. ¶¶ 22, 24.  AEI also alleges that Geneva's copying

of AEI's TIC Transaction Documents constitutes unfair competition under Minnesota common

law.  Id. ¶ 28.

**III. DISCUSSION**

**A.     Pleading and Motion to Dismiss Standards**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings setting forth a claim

for relief must include "a short and plain statement of the claim showing that the pleader is

entitled to relief."  "The essential function of notice pleading 'is to give the opposing party fair

notice of the nature and basis or grounds for a claim, and a general indication of the type of

litigation involved.'"  N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1056-57 (8th

Cir. 2004) (citation omitted).

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to

dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most

favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.

Hamm v. Groose, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn.

1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the

nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a

practical matter . . . only in the unusual case in which the plaintiff includes allegations that show

on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of

Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.     AEI's Copyright Infringement Claim**

To state a claim for copyright infringement, a party must allege: (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original.  Feist Publ'ns,

Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  In its Complaint, AEI alleges ownership

of valid copyrights in the TIC Transaction Documents and attaches the certificates of

registration, which "constitute prima facie evidence of the validity of the copyright[s] and of the

facts stated in the certificate[s]."  17 U.S.C. § 410(c).  AEI also alleges that Geneva has copied

copyrightable (i.e. original) subject matter.  Having pled both necessary elements, AEI has

sufficiently stated a claim for relief premised upon copyright infringement.

Geneva's arguments to the contrary are unavailing.  Geneva's main argument is that

AEI's TIC Transaction Documents are not copyrightable because they lack originality.  More

specifically, Geneva asserts that the "Additional Text" that AEI added to "Standard Legal

Language" amounts to trivial changes that result in unoriginal legal boilerplate.  The standard for

4

originality, however, is low: "It is not necessary that the work be novel or unique, but only that the work have its origin with the author—that it be independently created.  Little more is involved in this requirement than 'a prohibition of actual copying.'"  West Publ'g Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1223 (8th Cir. 1986) (citations omitted).  AEI alleges that by adding "Additional Text" to "Standard Legal Language" it has independently created its TIC Transaction Documents to offer a new securities product.  Given the low threshold required for originality, and the prima facie evidence AEI has provided as to the validity of its copyrights, AEI's Complaint contains allegations of originality sufficient to survive a motion to dismiss.

Arguing against this result, Geneva cites O. W. Donald v. UARCO Bus. Forms, 478 F.2d 764 (8th Cir. 1973), and O. W. Donald v. Zack Meyer's T.V. Sales and Serv., 426 F.2d 1027 (5th Cir. 1970), as examples of cases where copyrights in legal forms where held invalid for lack of originality.  However, neither UARCO nor Zack Meyer's was decided in the context of a motion to dismiss.  Instead, in both cases courts found the copyrights invalid only after considering evidence presented at trial.  In the present case, Geneva asserts that AEI's TIC Transaction Documents lack originality, but at this early stage of the proceedings, no evidence in the record supports that assertion.  Discovery is necessary so the parties can produce evidence identifying the alleged copyrightable text and evidence of its originality.[3]

Geneva also argues that AEI's copyrights are invalid under the merger doctrine, which

---

[3] In support of its Motion to Dismiss, Geneva attaches documents that allegedly show the text AEI considers original, based on AEI's cease and desist letter.  Wallace-Jackson Decl.  The Court has not relied on these documents, however, because AEI's cease and desist letter, although referenced in the Complaint, is not a ground for AEI's claims against Geneva.  Whereas the TIC Transaction Documents are central to AEI's copyright infringement claim, the cease and desist letter is collateral to the claim.

5

provides that "copyright protection will be denied to even some *expressions* of ideas if the idea behind the expression is such that it can be expressed only in a very limited number of ways." The Toro Co. v. R & R Prods. Co., 787 F.2d 1208, 1212 (8th Cir. 1986).  The merger doctrine is closely related to 17 U.S.C. 102(b), which states that "copyright protection for an original work of authorship [does not] extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  In essence, Geneva's merger doctrine argument is that if copyright protection is granted to AEI's TIC Transaction Documents, then AEI will have a monopoly in TIC transactions since it will have a copyright in the language necessary to effectuate such transactions.

Any resolution of whether the merger doctrine is applicable to the instant facts is premature at this early stage of the proceedings.  A motion to dismiss tests only the sufficiency of the allegations in the complaint.  Evaluation of Geneva's merger doctrine argument, however, requires weighing evidence, currently absent from the record, regarding the feasibility of alternative TIC transaction language.  Fact development by discovery is necessary before Geneva's merger doctrine argument can be considered.

Because AEI has sufficiently stated a claim for copyright infringement, Geneva's Motion to Dismiss is denied as to AEI's copyright infringement claim.

**C.    AEI's Unfair Competition Claim**

Geneva argues that copying legal language in AEI's contracts and TIC Transaction Documents does not constitute unfair competition.  Furthermore, Geneva asserts that AEI's state law unfair competition claim is preempted by section 301 of the federal Copyright Act.  AEI

concedes that, as pled, its unfair competition claim may be preempted by the Copyright Act, and requests the opportunity to amend its Complaint to re-plead its unfair competition claim.  Mem. of Law in Opp. to Mot. to Dismiss [Docket No. 19] at 2 n.1.  Given the early stage of this litigation, Geneva will not be prejudiced if AEI is allowed to amend its unfair competition claim. Therefore, Geneva's Motion to Dismiss is granted on AEI's unfair competition claim as currently pled.  However, AEI is granted leave to file an amended complaint restating an appropriate unfair competition claim.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Geneva's Motion to Dismiss [Docket No. 7] is **GRANTED IN PART AND DENIED IN PART**.  AEI may amend its Complaint to restate an appropriate unfair competition claim.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 13, 2006.